UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FRED JOHNSON, | No. CV 10-2538-VBF (PLA) |
| Petitioner, | |
| v. | **ORDER RE: SUMMARY DISMISSAL OF ACTION FOR LACK OF JURISDICTION** |
| DARLENE JOHNSON, | |
| Respondent. | |

On April 7, 2010, petitioner, who does not appear to be in custody, filed a "Petition for Writ of Habeas Corpus" (the "Petition") that appears to be a photocopy of a state habeas petition originally filed in the California Supreme Court on January 19, 2010. The form Petition is incomplete, as pages 2 and 4 are missing, several of the questions are left blank, and there is a reference to "see file record" even though no records are attached to the Petition. (See, e.g., Petition at pp. 3, 5).

Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the laws of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas petition must specify the grounds for habeas relief that the petitioner is seeking as well as the facts supporting each ground. See Rule 2(c), Rules

1  Governing Habeas Corpus Cases, 28 U.S.C. Foll. § 2254; Mayle v. Felix, 545 U.S. 644, 649, 125
2  S.Ct. 2562, 2566, 162 L.Ed.2d 582 (2005).  The Court may dismiss a habeas petition "[i]f it plainly
3  appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled
4  to relief in the district court." Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (quoting
5  Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases, 28 U.S.C. Foll. §
6  2254).  "Rule 4 explicitly allows a district court to dismiss summarily the petition on the merits when
7  no claim for relief is stated." Id.

8  Here, in part because petitioner used the incorrect habeas form,[1] and did not complete the
9  form he submitted, the Court cannot fully discern the nature of petitioner's legal claim.  However,
10 it appears from the face of the filing that petitioner is not challenging the legality of any conviction,
11 or otherwise claiming to be in custody in violation of the Constitution or laws or treaties of the
12 United States.  Rather, based on the parties named in this action (i.e., Fred Johnson and Darlene
13 Johnson) and the portions of the Petition vaguely referencing the enforcement of a marriage
14 subpoena, it appears that petitioner may be raising claims pertaining to a state court family law
15 action.  (See Petition at pp. 3, 6).  Petitioner's filing fails to state any claims for federal habeas
16 relief.  Neither does the filing include information from which a court could determine whether
17 petitioner has exhausted available administrative and judicial remedies.  In the event petitioner
18 intended to appeal a decision from a state court, including a decision from the California Supreme
19 Court, he is advised that this Court does not have jurisdiction of such a claim under the Rooker-
20 Feldman doctrine.  That doctrine provides that federal district courts may exercise only original
21 jurisdiction; they may not exercise appellate jurisdiction over state court decisions.  District of
22 Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 75 L.Ed.2d 206

---

[1] Petitioner improperly used a California state court habeas form rather than the habeas form that is required in the United States District Court for the Central District of California pursuant to Local Rule 83-16.1 for a person in state custody who is seeking to challenge a state conviction. Local Rule 83-16.1 requires that a petition for writ of habeas corpus "shall be submitted on the forms approved and supplied by the Court."  The habeas form used by the Central District of California is designed to aid a petitioner in the organization and presentation of information relevant to the habeas application.  The form also presents the relevant information regarding a petitioner's claim(s) in a "simple, concise, and direct" manner, as required by Fed. R. Civ. P. 8(d).

(1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Review of state court decisions may be conducted only by the United States Supreme Court. Feldman, 460 U.S. at 476, 486; Rooker, 263 U.S. at 416; see 28 U.S.C. § 1257. This doctrine applies even when the challenge to the state court decision involves federal constitutional issues, and even if the state court judgment is not from the state's highest court. See Dubinka v. Judges of the Superior Court, 23 F.3d 218, 221 (9th Cir. 1994); Worldwide Church of God v. McNair, 805 F.2d 888, 891, 893 n.3 (9th Cir. 1986).

The Court therefore concludes that the jurisdictional requisite for a § 2254 petition has not been met here. See Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement.") (internal quotation marks omitted); Hartman v. Summers, 878 F.Supp. 1335, 1347 n. 15 (C.D.Cal. 1995), aff'd, 120 F.3d 157 (9th Cir. 1997) ("the Ninth Circuit has made clear that habeas petitions are limited to attacks upon the legality or duration of confinement").

The Court also has considered whether to ignore the mislabeling, and construe this action as a civil rights action brought pursuant to 42 U.S.C. § 1983. See Hanson v. May, 502 F.2d 728, 729-30 (9th Cir. 1974). However, it does not appear that petitioner's allegations are sufficient to even state a claim for a violation of his federal civil rights.[2] Moreover, petitioner failed to submit a completed Declaration in Support of Request to Proceed In Forma Pauperis, which is required in order to file a complaint in a civil action without prepayment of fees. See 28 U.S.C. § 1915(a)(2).

Based on the foregoing, **IT IS ORDERED THAT**:

1. The case is summarily **dismissed** for lack of jurisdiction. See Rule 4 of the Rule Governing Section 2254 Cases in the United States District Courts; Local Rule 72-3.2.

---

[2] Even assuming petitioner had stated a claim, it does not appear from the face of the Petition that he has exhausted any available administrative remedies. See 42 U.S.C. § 1997e(a).

1      2.    In the event petitioner intended to file a habeas claim challenging the legality of a conviction and/or his confinement, the Clerk is **directed** to send petitioner a blank copy of the Central District's Petition for Writ of Habeas Corpus by a Person in State Custody. If petitioner intends to file a new habeas petition, he is admonished to follow the instructions provided on the Central District of California's habeas form and to **completely answer all sections** on the form. He must include his place of incarceration and information concerning the conviction that he is challenging.

     3.    In the event petitioner intended to file a civil rights complaint, the Clerk is **directed** to send petitioner a copy of the Central District's "Civil Rights Complaint" form. Petitioner should note that if he wishes to file a civil rights complaint In Forma Pauperis, he must provide a Declaration in Support of Request to Proceed In Forma Pauperis. See 28 U.S.C. § 1915(a)(2). Otherwise, he must pay the full amount of the filing fee (which is now $350.00).

DATED: 4-26-10

_____
HONORABLE VALERIE BAKER FAIRBANK
UNITED STATE DISTRICT JUDGE

Presented by:

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

4